Slip Op. 08-70
UNITED STATES COURT OF INTERNATIONAL TRADE

---

|  |  |
|---|---|
| AUTO ALLIANCE INTERNATIONAL, INC., | |
| Plaintiff, | |
| v. | Before:    WALLACH, Judge <br> Court No.:  05-00596 |
| UNITED STATES, | |
| Defendant. | |

---

[Plaintiff's Motion to Compel the Deposition of Defendant's Counsel, Saul Davis, is DENIED and its Motion to Re-open the Deposition of Defendant's witness, Ernest Wolney, is GRANTED with specific limitation; Defendant's Cross-Motion for a Protective Order is DENIED.]

Dated:    June 18, 2008

Katten Muchin Rosenman LLP (Bruce J. Casino); and Office of the General Counsel, Ford Motor Company (Paulsen Vandevert), for Plaintiff AutoAlliance International, Inc.

Gregory G. Katsas, Acting Assistant Attorney General; Jeanne E. Davidson, Director, Barbara S. Williams, Attorney-in-Charge, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Saul Davis); and Yelena Slepak, Office the Assistant Chief Counsel, International Trade and Litigation, Bureau of Customs and Border Protection, of Counsel, for Defendant United States.

## **OPINION**

**Wallach, Judge:**

## **I**

## **INTRODUCTION**

Plaintiff AutoAlliance International, Inc. moves the court to compel the deposition of Saul Davis, counsel for Defendant United States Customs and Border Protection ("Customs"), based on a declaration he submitted in opposition to Plaintiff's Motion to Strike the Declarations

of Eugene J. Donohue and William J. Lynch. Memorandum in Opposition to Plaintiff's Motion to Strike Statement, Declaration of Saul Davis ("Davis Declaration").  Because the information Plaintiff seeks to obtain from Mr. Davis is protected by the attorney-client privilege and the work-product doctrine, AutoAlliance International, Inc.'s Motion to Compel the Deposition of Saul Davis is, at the least, premature, and hereby denied.

Plaintiff also moves this court to re-open the deposition of Defense witness Ernest Wolney on the ground that his initial deposition was conducted prior to Defendant's assertion of new legal theories in the Davis Declaration.  AutoAlliance International, Inc.'s Motion to Reopen the Deposition of Ernest Wolney is granted in part.  Defendant has cross-moved for a protective order; the cross-motion is denied as moot.

## II

## BACKGROUND

In the underlying action, Plaintiff challenges Customs' denial of its protest to the liquidation of certain entries of automotive components and to the appraised value of the automotive components included in the protested entries. Complaint ¶ 1.  After discovery ended, Plaintiff filed its Motion for Summary Judgment.  Defendant responded by filing a memorandum in opposition as well as a Cross-Motion for Summary Judgment.  In support of its Cross-Motion, Defendant attached the declarations of Eugene J. Donohue, Assistant Field Director for Customs' New York Field Office of Regulatory Audit, and William J. Lynch, Auditor-in-Charge for Customs' Office of Regulatory Audit.

Plaintiff moved to strike these declarations, and asserted that Defendant had never identified Messrs. Donohue and Lynch as individuals with potentially discoverable information or otherwise expressed an intent to use their testimony, as required by USCIT R.26(a)(1).

Plaintiff's Motion to Strike the Declarations of Eugene J. Donohue and William J. Lynch ("Plaintiff's Motion to Strike") at 4.  In opposing this motion, Defendant submitted the Davis Declaration in which he stated that he needed the testimony of Messrs. Lynch and Donohue to support new defense theories he had developed. Davis Declaration ¶¶ 2-3, 7-8.  After reviewing all of the pleadings and papers on file, and holding both in-court and telephonic status conferences with the parties, the court denied Plaintiff's Motion to Strike.  In its Order denying the motion, the court re-opened discovery for a period of 120 days and authorized Plaintiff to re-file its Motion for Summary Judgment at the end of that period.

Subsequently, Plaintiff served Defendant with notices of deposition for the two new declarants, Messrs. Donohue and Lynch. Memorandum of Law in Support of AutoAlliance International, Inc.'s Motion to (A) Compel the Deposition of Saul Davis, and (B) Reopen the Deposition of Ernest Wolney ("Plaintiff's Motion to Compel") at 1-2.  Plaintiff also served notices of deposition for Defendant's counsel, Mr. Davis, as well as for the Customs Regulatory Auditor previously deposed by Plaintiff, Mr. Wolney. Id. at 2.

Defendant took the position that Plaintiff's request did not meet "**any** of the criteria for a deposition of trial counsel" and informed Plaintiff that it would oppose the deposition of Mr. Davis if Plaintiff did not withdraw its notice. Id. Ex. D, Letter from Saul Davis to Bruce Casino (November 21, 2007).  Moreover, Defendant rejected Plaintiff's assertion that the attorney-client and work-product privileges were waived by Mr. Davis' declaration. Id. Ex. E, Letter from Saul Davis to Bruce Casino (December 11, 2007).  Defendant characterized the Davis Declaration as "purely procedural" in nature;  according to Defendant, it could not be read to have waived any privileges, it merely discussed the fact that Mr. Davis was seeking the assistance of Customs regarding two defenses he was developing. Id. Ex. E.

3

Defendant also took the position that Plaintiff's notice of deposition of Mr. Wolney was improper, as it violated the prohibition on deposing a party more than once without leave of the court. Id. Ex. B, Letter from Saul Davis to Bruce Casino (November 29, 2007) (citing USCIT R.30(a)(2)(B)). Defendant informed Plaintiff that it could not agree to the request to re-depose Mr. Wolney, especially without limitation, and advised Plaintiff to seek the court's permission. Id. Ex. C, E-mail from Saul Davis to Bruce Casino (December 5, 2007).

## III

## DISCUSSION

The Rules of this court provide the starting point for analysis. However, given the similarity between this court's discovery rules and the parallel rules in the Federal Rules of Civil Procedure, the jurisprudence of other circuits is a valuable interpretative tool.[1]

## A

**Plaintiff's Motion to Compel the Deposition of Defendant's Counsel is Denied Because the Information Plaintiff Seeks is Protected by the Attorney-Client Privilege and the Work-Product Doctrine**

A party "may obtain discovery regarding any matter <u>not privileged</u>, that is relevant" unless otherwise limited by court order. USCIT R.26(b)(1) (emphasis added). Further, a party may take the deposition of "any person" without seeking leave of the court, USCIT R.30(a)(1), subject to certain exceptions not relevant here. "The fact that the proposed deponent is an attorney, or even an attorney for a party to the suit, is not an absolute bar to taking his or her deposition . . . ." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice & Procedure: Civil 2d</u> § 2102 (2d ed. 1994). However, while deposing opposing counsel is not absolutely prohibited, the Rules of this court do establish that information protected under either

---

[1] <u>See</u> USCIT R.1 ("The court may refer for guidance to the rules of other courts."); <u>Zenith Radio Corp. v. United States</u>, 10 CIT 529, 530 n.7, 643 F. Supp. 1133 (1986) (noting that it is "particularly helpful" to consider precedent from other circuits).

4

the attorney-client privilege or the work-product doctrine does not lose the benefits of such protection merely because the deposition of opposing counsel is authorized. See USCIT R.26(b)(3) (providing that a party seeking to obtain discovery of information protected under the work-product doctrine must demonstrate (1) substantial need for the materials, (2) inability to obtain the substantial equivalent of the materials by other means without incurring undue hardship); USCIT R.26(b)(5)(A) (placing the burden upon the party asserting privilege) .

Courts have expressed a range of views regarding the practice of taking attorney depositions. Compare Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327-28 (8th Cir. 1986) ("We view the increasing practice of taking opposing counsel's deposition as a negative development . . . that should be employed only in limited circumstances.") with Gould Inc. v. Mitsui Mining & Smelting Co., Ltd., 825 F.2d 676, 680 n.2 (2d Cir. 1987) ("The disfavor in which the tactic of seeking discovery from adversary counsel is generally regarded . . . is not a talisman for the resolution of all controversies of this nature.").

Defendant contends that Shelton provides the appropriate analytical inquiry. Defendant's Opposition to Plaintiff's Motion to Compel and Cross-Motion for a Protective Order ("Defendant's Opposition") at 15-18; see also Plaintiff's Motion to Compel Ex. D. Under the Shelton test, a party can depose opposing counsel only if three conditions are met: (1) no other means exist to obtain the sought after discovery, (2) the information to be obtained is both relevant and not privileged, and (3) the information is crucial to the deposing party's preparation of its case. Shelton, 805 F.2d at 1327.

In contrast, Plaintiff advocates a more "flexible" approach to evaluating the propriety of requests to depose opposing counsel, as articulated in dicta contained in In re Subpoena issued to Dennis Friedman, 350 F.3d 65, 71-72 (2d Cir. 2003). Plaintiff's Motion to Compel at 6-8. In

that opinion, which was ultimately dismissed as moot because the attorney consented to the deposition, the court expressed its view that all relevant factors and considerations should be evaluated "to determine whether the proposed deposition would entail an inappropriate burden or hardship." Friedman, 350 F.3d at 72. Those factors might include: (1) the need to depose the attorney, (2) the attorney's role in connection with the matter on which discovery is sought and also with the pending litigation, (3) the risk of encountering privilege or work-product issues, and (4) the extent of discovery already conducted. Id.

Purporting to apply these factors, Plaintiff concludes that it should be permitted to depose Defendant's counsel "with respect to all matters referenced and discussed in [the Davis Declaration]." Plaintiff's Motion to Compel at 7. In support of this conclusion, Plaintiff asserts that Defendant's counsel "interjected himself into this case as a fact witness" by filing the Davis Declaration, thereby waiving the "privilege issue." Id. at 7-8. According to Plaintiff, Mr. Davis's status as a "fact witness," coupled with his alleged waiver of the protections of both the attorney-client privilege and the work-product doctrine, "justify allowing the noticed deposition to proceed." Id.

Plaintiff makes two alternative arguments. First, Plaintiff argues that applying the Shelton test will lead to the same result: the deposition of Defendant's counsel. Id. at 6 n.1. In Plaintiff's assessment, all three factors of Shelton are met: (1) there is no other means to obtain the information related to the Davis Declaration, (2) Mr. Davis has waived privilege, and (3) the information sought is crucial to Plaintiff's ability "to understand Customs' alleged new facts and theories and the weight they were given within Customs." Id. Plaintiff's second alternative argument is that even if Mr. Davis had not waived the privilege, the "mere risk that otherwise

6

good faith questions posed at an attorney's deposition may provoke . . . privilege objections . . . is not itself grounds for prohibiting the deposition to go forward at the outset." Id. at 7 n.2.

Plaintiff has not made the required showing, even under the more permissive test for deposing opposing counsel articulated in Friedman. First, Plaintiff has demonstrated no need to depose Defendant's counsel. Instead, Plaintiff seeks to determine the "relevance and impact" of his conversations with Defendant's witnesses and also to "better understand why [the new legal theories] were only raised at the eleventh hour." Id. at 4. Plaintiff has, in its own words, expressed its desire to obtain information protected by both the attorney-client privilege, i.e. the conversations between counsel and witnesses for Defendant, and the work-product doctrine, i.e. "the facts [Mr. Davis] believes support his two legal theories and the reactions and analysis of [Messrs. Lynch and Donohue] to Mr. Davis' new theories."[2] Id. Contrary to Plaintiff's assertion, however, Defendant did not waive the protection afforded under either the attorney-client privilege or the work-product doctrine when it submitted the Davis Declaration. The Davis Declaration informed the court of the existence of new legal theories developed by Defendant's counsel; it did not, in any way, discuss the content of those theories or the substance of the conversations between Defendant's counsel and its witnesses, Messrs. Lynch and Donohue. Finally, Plaintiff incorrectly concludes that Mr. Davis "interjected himself as a fact witness" in the underlying action when he submitted the Davis Declaration to the court. See Plaintiff's

---

[2] The term "work product" is used to refer to "materials obtained or prepared . . . with an eye toward litigation." Hickman v. Taylor, 329 U.S. 495, 511, 67 S. Ct. 385, 91 L. Ed. 451 (1947); see also USCIT R.26(b)(3). It is often divided into two distinct categories: (1) factual work product and (2) "opinion" work product, which is the result of "mental processes such as plans, strategies, tactics, and impressions, whether memorialized in writing or not." In re Seagate Technology, L.L.C., 497 F.3d 1360, 1375 (Fed. Cir. 2007). This distinction is significant because, while factual work product might be discoverable upon a showing of substantial need and undue hardship, opinion work product is "afforded greater, nearly absolute protection." Id. (citing USCIT R.26(b)(3)).

7

Motion to Compel at 4.  Mr. Davis did not represent that he had personal knowledge of any of the facts, or that he had in any way participated in the events, giving rise to the underlying case.

Plaintiff's alternative arguments also fail.  While Plaintiff may satisfy the first condition of the Shelton test, i.e. that no other means exist to obtain the information it seeks, it can neither demonstrate the relevance of that information nor the waiver of the otherwise applicable privileges.  Further, Plaintiff can not convince this court that the information it seeks is crucial to its preparation of its case against Defendant.  This renders Plaintiff's suggestion that the court not proscribe the deposition of Defendant's counsel based on the "mere risk" that privilege issues may arise during the course of the deposition irrelevant.

**B**

**Plaintiff's Motion to Re-open the Deposition of Defendant's Witness is Granted on a Limited Basis**

Unless the parties stipulate otherwise, a party must seek leave to depose a person more than once in a given case. USCIT R.30(a)(2)(B).  However, courts frequently grant such leave when "new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition." Vincent v. Mortman, No. 3:04 CV 491 (JBA), 2006 U.S. Dist. LEXIS 11213 at *4-*5 (D. Conn. March 17, 2006) (quoting Keck v. Union Bank of Switz., No. 94 Civ. 4912 (AGS) (JCF), 1997 U.S. Dist. LEXIS 10578, at *1 (S.D.N.Y. July 22, 1997)); see also Zamora v. D'Arrigo Bro. Co. of Cal., No. C04-00047 JW, 2006 U.S. Dist. LEXIS 83106 at *4-*5 (N.D. Cal. November 7, 2006); Collins v. Int'l Dairy Queen, 189 F.R.D. 496, 498 (M.D. Georgia 1999).

Plaintiff asserts that at the time of Mr. Wolney's deposition, Defendant had not yet introduced the new legal and factual theories it raised in the affidavits of Messrs. Lynch and Donohue, and that these new theories "would implicate much of Wolney's prior testimony."

8

Plaintiff's Motion to Compel at 3, 12.  Plaintiff further argues that Mr. Wolney's statement that he did not feel qualified to address Defendant's new theories, in light of his position as the Customs' Regulatory Auditor assigned to the Plaintiff's case over a period of several years, raised questions regarding the accuracy and completeness of the testimony he offered at deposition. Id. at 3-4.  Defendant did not flatly oppose Plaintiff's request to re-depose Mr. Wolney. Id. Ex. C.  Rather, Defendant sought to limit the scope of the questioning to only those new issues raised since Mr. Wolney's first deposition. Id. Ex. G, Letter from Bruce Casino to Saul Davis (December 3, 2007), at 2.  Plaintiff contends that it "cannot reasonably or responsibly agree to such a limitation," Plaintiff's Motion to Compel at 12, even though the cases it cites to support its request to re-open the deposition of Mr. Wolney are consistent with such a limitation. See id. at 11-12 (citing Vincent, 2006 U.S. Dist. LEXIS 11213 at *4-*5).

Plaintiff will be permitted to re-depose Mr. Wolney.  However, the scope of the deposition is limited to: (1) the new issues introduced since Mr. Wolney's first deposition, (2) the rationale underlying Mr. Wolney's assertion that he did not possess sufficient expertise to testify about Mr. Davis' new defenses, and (3) old issues to the extent that they are implicated by information that arose after Mr. Wolney was first deposed.

## C

### Defendant's Cross-Motion for a Protective Order is Denied as Moot

This court is vested with the authority to prohibit certain discovery, or to regulate the method by which it is obtained, where "justice requires [it] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." USCIT R.26(c).

9

A party seeking such a protective order must submit to the court a motion, accompanied by a certification that he has, in good faith, attempted to resolve the disputed discovery request without court action. Id.

Defendant did not submit the required certification. In any case, a protective order is unnecessary, as Plaintiff's Motion to (A) Compel the Deposition of Saul Davis is DENIED, and (B) Reopen the Deposition of Ernest Wolney has been GRANTED with specific limitation.

## IV

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is DENIED with respect to Defendant's counsel, Saul Davis, and GRANTED on a limited basis with respect to Defendant's witness, Ernest Wolney; further, Defendant's Cross-Motion is DENIED.

_/s/ Evan J. Wallach_____
Evan J. Wallach, Judge


Dated: June 18, 2008
    New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |  |
|---|---|---|---|
| AUTO ALLIANCE INTERNATIONAL, INC., | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | Before: | WALLACH, Judge |
| v. | : | Court No.: | 05-00596 |
| | : | | |
| UNITED STATES, | : | | |
| | : | | |
| Defendant. | : | | |

## ORDER AND JUDGMENT

Upon consideration of Plaintiff's Motion to (A) Compel the Deposition of Saul Davis, and (B) Reopen the Deposition of Ernest Wolney and Defendant's opposition thereto; the court having reviewed all pleadings and papers on file herein, having heard oral argument by each party, and after due deliberation, having reached a decision herein, it is hereby

ORDERED ADJUDGED AND DECREED that Plaintiff's Motion to (A) Compel the deposition of Saul Davis is DENIED; and it is further

ORDERED ADJUDGED AND DECREED that Plaintiff's Motion to (B) Reopen the deposition of Ernest Wolney is GRANTED on a limited basis; and it is further

ORDERED ADJUDGED AND DECREED that the scope of Ernest Wolney's deposition is limited to:

(1) the new issues introduced since Mr. Wolney's first deposition,
(2) the rationale underlying Mr. Wolney's assertion that he did not possess sufficient expertise to testify about Mr. Davis's new defenses, and
(3) old issues to the extent that they are implicated by information that arose after Mr. Wolney was first deposed.

_/s/ Evan J. Wallach____
Evan J. Wallach, Judge

Dated: June 18, 2008
    New York, New York

# NOTICE OF ENTRY AND SERVICE

      This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

      Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

      Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

      Tina Potuto Kimble
      Clerk of the Court

Date: _____  By: _____
                                                                                                        Deputy Clerk